IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH R. HENRY,

    Plaintiff,                      No. 2:12-cv-1244 JAM DAD P

    vs.

PETER VANNI, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
15   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19   The Civil Rights Act under which this action was filed provides as follows:
20   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
21   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
22   law, suit in equity, or other proper proceeding for redress.
23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

1 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
2 omits to perform an act which he is legally required to do that causes the deprivation of which
3 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4       Moreover, supervisory personnel are generally not liable under § 1983 for the
5 actions of their employees under a theory of respondeat superior and, therefore, when a named
6 defendant holds a supervisorial position, the causal link between him and the claimed
7 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
8 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
9 allegations concerning the involvement of official personnel in civil rights violations are not
10 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

12       In his complaint, plaintiff identifies Warden Vanni, Captain Olivas, Lieutenant
13 Cherry, Sergeant Rodriguez, Officer Lawrence, and Officer Laplant as the defendants in this
14 action. Plaintiff alleges that the defendants have issued "bogus" prison rules violation reports
15 against him and have transferred him to a super-max level prison for "looking at white female
16 staff." (Compl. at 3.) Plaintiff claims that the defendants' actions are retaliatory because he
17 "blew the whistle" on a prison staff member's misconduct. (Id.) In terms of relief, plaintiff
18 requests monetary damages as well as dismissal of the prison rules violation reports issued to
19 him. (Compl. 1-3 & Attachs.)

**DISCUSSION**

21       The court will recommend that plaintiff's complaint be dismissed for failure to
22 state a claim. See 28 U.S.C. 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the
23 court determines that . . . the action or appeal . . . fails to state a claim on which relief may be
24 granted"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords judges the authority to
25 dismiss those claims whose factual contentions are clearly baseless, such as those "describing
26 fantastic or delusional scenarios"); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th

1  Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed
2  amendment would be futile.").

3  Plaintiff is not allowed to proceed on a retaliation claim in connection with his
4  prison rules violation reports because prison officials found him guilty of "over familiarity" with
5  staff, and in addition to transferring plaintiff to a super-max facility, prison officials assessed
6  plaintiff thirty days loss of time credits. (Compl. Attachs.) Plaintiff's success on a retaliation
7  claim in this civil rights action in connection with his prison disciplinary conviction would
8  necessarily call into question the validity of his prison disciplinary proceedings and implicate the
9  duration of his confinement. Accordingly, with respect to plaintiff's prison disciplinary
10 conviction a writ of habeas corpus is his sole remedy in federal court which may be pursued only
11 after exhausting all of his constitutional claims in state court. See Wilkinson v. Dotson, 544 U.S.
12 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no
13 matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit
14 (state conduct leading to conviction or internal prison proceedings) - *if* success in that action
15 would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in
16 original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover
17 damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused
18 by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove
19 that the conviction or other basis for confinement has been reversed on direct appeal, expunged
20 by executive order, declared invalid by a state tribunal authorized to make such a determination,
21 or called into question by a federal court's issuance of a writ of habeas corpus); see also
22 Rodriguez v. City of Stockton, No. CIV S-10-0204 GEB CKD, 2012 WL 174935 at *5 (E.D.
23 Cal. Jan. 20, 2012) (finding a retaliation claim to be Heck-barred where plaintiff was convicted
24 of the underlying criminal charges); Bush v. Janda, No. 10cv1825 BTM (NLS), 2011 WL
25 497956 at *2 (S.D. Cal. Feb. 8, 2011) (plaintiff's claims relating to his prison disciplinary
26 proceedings found to be Heck-barred where the resulting disciplinary conviction had not been set

aside); Walton v. Hixson, No. CIV S-09-1246 GEB GGH (TEMP) P, 2011 WL 219530 at *7 (E.D. Cal. Jan. 19, 2011) (same); Williams v. Grannis, No. CIV S-09-1245 FCD GGH P, 2010 WL 5169073 at *5 (E.D. Cal. Dec. 14, 2010) (same).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied;

2. This action be dismissed without prejudice for failure to state a claim on which relief may be granted; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
henr1244.56